2026 IL App (1st) 252097-U

No. 1-25-2097

Order filed June 12, 2026

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| WAFA RAYAN, | ) | Appeal from the |
| | ) | Circuit Court of Cook County, |
| Plaintiff-Appellant, | ) | Law Division. |
| | ) | |
| v. | ) | No. 2023 L 008242 |
| | ) | |
| COURTNEY FREDERICK and JORGE SIGLER, | ) | Honorable |
| | ) | Brendan A. O'Brien, |
| | ) | Judge, presiding. |
| Defendants-Appellees. | ) | |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    Held:  Affirmed. The circuit court did not abuse its discretion in denying a motion for a new trial based on an isolated remark in closing argument after a one-week trial.

¶ 2    In this automobile accident case, a jury found defendants Courtney Frederick and Jorge Sigler not liable. Plaintiff Wafa Rayan appeals the circuit court's denial of her motion for a new trial.

¶ 3     The issue presented is whether the circuit court abused its discretion in denying a new trial where defense counsel asked the jury to put themselves in defendant Sigler's position and consider the policy implications of liability. For the following reasons, we affirm.

¶ 4                              I. BACKGROUND

¶ 5     On May 15, 2025, plaintiff filed the operative second amended complaint with the circuit court of Cook County. In Count I, plaintiff alleged that Courtney Frederick negligently caused a car accident that injured plaintiff. In Count II, she alleged that Jorge Sigler negligently entrusted his vehicle to Frederick.

¶ 6     The parties proceeded to a jury trial. While plaintiff did not provide a report of proceedings from the trial, the pleadings and excerpts of the trial transcript in the common law record established the following basic facts.

¶ 7     On July 14, 2023, Frederick drove a Toyota Highlander in Lincolnwood, Illinois. Frederick testified that she came to a complete stop at a four-way intersection and turned onto Navajo Avenue. She testified that plaintiff drove a vehicle out of the driveway of a private residence and collided with Frederick's Toyota Highlander.

¶ 8     Frederick was 16 years old at the time of the accident and had been licensed to drive in Illinois for approximately 10 months. Jorge Sigler, Frederick's stepfather, owned the Toyota Highlander and had loaned her the vehicle. Frederick was involved in a prior car accident in November 2022. Frederick denied she was at fault in the November 2022 accident, and plaintiff did not offer any evidence of fault. Sigler knew about Frederick's prior car accident but continued to loan her the Toyota Highlander.

¶ 9 After the close of evidence, the parties proceeded to closing argument. In closing, defense counsel asked the jurors to put themselves in the position of a parent who lends a car to their child and asked them to consider the policy implications of a finding of liability:

> Anyway, let's assume for purposes of discussion it's all her fault. Does that mean that [Jorge Sigler] should have like not have allowed her to drive or that [it] would be predictable [for] another accident to happen when, again, the accident we're here for today wasn't even Courtney [Frederick]'s fault. Well, think about it. Some of you have children. Some of you—well, all of you before you got your license, you were learning how to drive and so forth. Just think about what the [principle] of this would be, if you were to find against [Jorge Sigler]. *** [L]et's say a 17-year-old drive[s] a vehicle and they're involved in a fender-[bender], boy, after that, you better never let that person drive that car again, because if you do and they're in an accident, you're going down, too. You're going to get drag[ed] into that too.

The circuit court sustained plaintiff's objection to this argument and instructed defense counsel to focus on the reasonable-person standard.

¶ 10 The jury returned a verdict of no liability on both counts. Plaintiff filed a motion for a new trial. She alleged that defense counsel's closing argument was improper and prejudiced plaintiff. After holding a hearing and taking argument from the parties, the circuit court denied the motion. This timely appeal followed. Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 11                                II. ANALYSIS

¶ 12 Plaintiff argues she did not receive a fair trial because defense counsel improperly asked the jury to put themselves in Jorge Sigler's position. Defendants argue, among other things, that the evidence against liability was overwhelming and the comment could not have changed the outcome of the case. We review a circuit court's ruling on a motion for a new trial alleging improper attorney argument for abuse of discretion. *Wilbourn v. Cavalenes*, 398 Ill. App. 3d 837, 854 (2010). "An abuse of discretion occurs when the court's ruling is fanciful, arbitrary, or unreasonable or where no reasonable person would agree with the court's position." *People v.*

*Wells*, 2024 IL App (1st) 232453, ¶ 16.

¶ 13    Improper closing argument "can be the basis for granting a new trial." (Internal quotation marks omitted.) *Wilbourn*, 398 Ill. App. 3d at 854; 735 ILCS 5/2-1202(b) (West 2024). In closing, attorneys cannot make "golden rule" arguments that ask the jury "to place itself in the position of either the plaintiff or the defendant." *Sikora v. Parikh*, 2018 IL App (1st) 172473, ¶ 60. However, "improper remarks"—including remarks that ask the jury to place themselves in a litigant's position—"do not constitute reversible error unless they result in substantial prejudice." *Ittersagen v. Advocate Health & Hospitals Corp.*, 2020 IL App (1st) 190778, ¶ 87. "Substantial prejudice means that absent the remarks, the outcome of the case would have been different." *Id.* "The [circuit] court is in a unique position to gauge the effects of misconduct, having heard all of the testimony and arguments and having observed the parties and their effect on the jury." (Internal quotation marks omitted.) *DiCosolo v. Janssen Pharmaceuticals, Inc.*, 2011 IL App (1st) 093562, ¶ 66.

¶ 14    The record on appeal does not support plaintiff's contention that the circuit court abused its discretion in denying plaintiff's motion for a new trial. First, it is not clear that the complained of remark in closing constituted a golden rule argument. The purpose of the rule is to ensure that the jury "decide[s] the case based on the evidence and issues presented at trial unencumbered by appeals to its passion, prejudice or sympathy." (Internal quotation marks omitted.) *Sikora*, 2018 IL App (1st) 172473, ¶ 60. Here, while the comment asked the jury to consider the implications for parents generally, it did not enflame the passion or sympathy of the jury by empathically putting them in Sigler's shoes.

¶ 15    Next, there is no evidence of prejudice. The purported golden rule argument was directed at the negligent entrustment claim against Sigler. There is no reasonable inference that the argument could have influenced the jury's finding that Frederick was not liable for the underlying accident. Generally, as a matter of law, an entrustor does not cause the plaintiff's injuries under a negligent entrustment theory if the entrustee is not liable. See *Garland v. Sybaris Clubs International, Inc.*, 2019 IL App (1st) 180682, ¶ 33. It follows that the jury's uncontroverted finding that Frederick was not liable breaks the chain of causation as to Sigler, and the alleged golden rule argument could not have affected the final judgment.

¶ 16    Similarly, the alleged impropriety was a brief comment at closing argument after a week-long trial. The circuit court "is in a unique position to gauge the effects of misconduct, having heard all of the testimony and arguments and having observed the parties and their effect on the jury." (Internal quotation marks omitted.) *DiCosolo*, 2011 IL App (1st) 093562, ¶ 66. There is nothing in the record that undermines the circuit court's conclusion that this one isolated comment in closing did not warrant a new trial. What's more, the circuit court sustained plaintiff's objection, and, "any potential prejudice from [a] remark was cured when counsel's objection was sustained by the trial court." *Ittersagen*, 2020 IL App (1st) 190778, ¶ 87.

¶ 17    Plaintiff's arguments to the contrary are unavailing. She argues that sustaining the objection was insufficient to cure the remark. Indeed, Illinois appellate courts have explained that sustaining an objection "might be insufficient," "when the comment was repeated or made in violation of prior court orders, including orders on motions *in limine*." *Konewko v. Advocate Health & Hospitals Corp.*, 2020 IL App (2d) 190684, ¶ 83. Plaintiff notes that the circuit court had granted defendants' motion *in limine* to prohibit plaintiff from making golden rule arguments.

Plaintiff maintains that defendants' use of a golden rule argument was a violation of the motion *in limine*, even though the motion was directed at plaintiff. But even if we interpreted defense counsel's argument as a violation of their own motion *in limine*, it is not a *per se* rule. The *Konewko* court only stated that it "might" be a circumstance where sustaining an objection does not cure the error. *Id.* The ultimate inquiry remains whether "the jury's verdict was affected by it [citation] or *** the verdict resulted from the passion or prejudice of the jury rather than from an objective consideration of the evidence ***." *Id.* ¶ 84.

¶ 18     Plaintiff also cites *Rutledge v. St. Anne's Hospital*, 230 Ill. App. 3d 786, 787 (1992), as an analogous case. But the improper remarks in *Rutledge* were far more prejudicial. Among other improprieties, the attorney's closing remarks "distorted and misrepresented the evidence and the law [that] was calculated to mislead the jury" and "willfully disregarded the stipulation in a clear attempt to mislead the jury." *Id.* at 790-91. Here, given that it was a brief comment in a week-long trial, it was only a questionable golden rule violation, and the jury found Frederick was not liable, there is no evidence it affected the verdict.

¶ 19                               III. CONCLUSION

¶ 20     For these reasons, the judgment is affirmed.

¶ 21     Affirmed.